In the Matter of DONALD M. PALMER, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, September 19, 1974.

460

*George B. Burke* for petitioner.

*Per Curiam.* Respondent is an attorney admitted to practice in the Fourth Department July 10, 1957. Petitioner, New York State Bar Association, by petition verified November 21, 1973 instituted a disciplinary proceeding against him setting forth 28 charges of professional misconduct. Following the service by respondent of an answer containing denials of certain of the charges, this court on January 18, 1974 ordered the matter referred to Honorable Don H. Stacy, Referee, to take proof on the issues raised and to make factual findings without any recommendation therein.

Hearings have been held by the Referee, a transcript filed and a report with factual findings submitted to the court which the petitioner has moved to confirm.

Upon a consideration of the admissions of respondent and a review of the evidence adduced before the Referee, we conclude that all the charges have been sustained except charges IV, XIII, XVII, XXI, XXII and XXV.

Respondent in his answer admits receiving numerous complaints from the County Bar Association and State Bar Association and neglecting to comply with requests of the Bar that he appear before them.

Respondent testified he has raised $4,000 as a result of some borrowing to be held by an attorney for the purpose of repaying moneys clients may have coming as a result of matters not satisfactorily completed. Respondent offered explanations of his conduct with reference to various charges, none of which contradicted the findings made herein. Respondent also detailed his responses to four different complaints made to the Jefferson County Bar Association. He was incapacitated for six months from October, 1966 to March, 1967. He also had periods of depression due to the death of one brother in 1967 and one in 1972 resulting from heart attacks. On numerous occasions respondent failed to respond to requests of the Grievance Committee of the Bar to meet with them regarding complaints of clients.

Respondent's professional activity over a period of eight years as evidenced by the proof adduced on the hearing demonstrates a consistent failure to give reasonable attention to the matters entrusted to him by his clients and a neglect of his clients' affairs so gross as to constitute a willful disregard of his professional responsibilities. In addition to the prejudice to his clients' interests resulting from his negligent conduct, he showed a complete lack of candor and honesty in his dealings

with his clients and frequently misrepresented the status of matters he had in charge.

Such a pattern of professional misconduct over an extended period of years cannot be excused by reason of six months' illness or two family deaths, followed by periods of some despondency and clearly constituted violations of disciplinary rules 1–102, 6–101 and 7–101 of the Code of Professional Responsibility.

Respondent should be suspended from the practice of law for two years commencing on October 21, 1974 and thereafter until the further order of the court.

MARSH, P. J., MOULE, CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Order of suspension entered.